IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:10-cr-00297-HZ |
| Plaintiff, | |
| v. | |
| MICHAEL TRAVIS MOORE, | OPINION & ORDER |
| Defendant. | |

Billy J. Williams
UNITED STATES ATTORNEY
District of Oregon
Ryan W. Bounds
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Ave., Suite 600
Portland, Oregon 97204-2902

    Attorney for Plaintiff

/ / /

/ / /

/ / /

1 - OPINION & ORDER

Stephen R. Sady
CHIEF DEPUTY FEDERAL DEFENDER
Elizabeth G. Daily
ASSISTANT FEDERAL PUBLIC DEFENDER
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Defendant

HERNANDEZ, District Judge:

Defendant Michael Travis Moore moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that the portion of his sentence imposed under 18 U.S.C. § 924(c)(1)(A)(ii) should be vacated as the underlying offense of armed bank robbery is not a crime of violence under § 924(c)(3). I deny the motion because first, a December 12, 2017 Ninth Circuit case disposes of part of Defendant's argument and second, I agree with the Government that the Supreme Court cases on which Defendant relies are not clearly irreconcilable with Ninth Circuit precedent holding that federal armed bank robbery is a crime of violence under § 924(c)(3)'s force clause. Because of my determination, I do not address the other issues raised by the parties including waiver, timeliness, and the validity of § 924(c)(3)'s residual clause.

## BACKGROUND

On October 22, 2010, Defendant entered a guilty plea to a superseding information charging him with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) & (d), and with brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Supsed. Info., ECF 13; Plea Hrg. Min. Ord., ECF 15. Defendant entered his guilty plea pursuant to a Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), in which the parties agreed that the appropriate sentence was 141 months of imprisonment. Plea

Agrmt. 3, ¶ 5, ECF 16. On December 17, 2010, Judge King imposed a 57-month prison term for the armed bank robbery conviction on Count 1, and a mandatory 84-month prison term for the § 924(c)(1)(A)(ii) conviction on Count 2.[1] Jdgmt, ECF 24. Defendant did not appeal his conviction or his sentence. However, on June 24, 2016, Defendant filed the instant motion to vacate his §924(c)(1)(a)(ii) conviction and sentence.

## STANDARDS

Under § 2255, a federal prisoner in custody may move the sentencing court to vacate, set aside, or correct a sentence on the basis that the sentence violates the Constitution or the laws of the United States. 28 U.S.C. § 2255(a); *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citing *Davis v. United States*, 417 U.S. 333 (1974)). The petitioner must demonstrate that an error of constitutional magnitude had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). A hearing is unnecessary in cases "where the files and records . . . conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Here, because there are no facts in dispute and the questions presented raise solely legal issues, no hearing is required.

/ / /

---

[1] The sentencing guideline range under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") in effect at that time was 84 to 105 months for the armed bank robbery offense alone. Gov't Sent. Mem. 5, ECF 19. The § 924(c)(1)(A)(ii) offense carried a mandatory minimum sentence of 84 months' imprisonment, which was also the applicable guideline sentence. *Id.* (citing U.S.S.G. § 2K2.4(b)). The § 924(c)(1)(A)(ii) sentence had to be imposed consecutive to any other sentence. *Id.* (citing 18 U.S.C. § 924(c)(1)(D)(ii)). Thus, the resulting guideline range for both offenses was 168 to 189 months' imprisonment. *Id.*

3 - OPINION & ORDER

DISCUSSION

Defendant argues that his conviction and sentence under § 924(c)(1)(A)(ii) must be vacated because his armed bank robbery conviction under 18 U.S.C. § 2113(a) & (d) is not a "crime of violence" as that phrase is defined in § 924(c)(3). Section 924(c)(1)(A) provides a mandatory additional sentence for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," for a term as specified in subsections (i), (ii), or (iii). 18 U.S.C. § 924(c)(1)(A).

For purposes of § 924(c)(1)(A),

the term "crime of violence" means an offense that is a felony and-

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Paragraph A is referred to as the "force clause" and paragraph B is referred to as the "residual clause." *E.g.*, *United States v. Bundy*, No. 3:16-cr-00051-BR, 2016 WL 3361490, at *1 (D. Or. June 10, 2016).

In *Johnson v. United* States, 135 S. Ct. 2551, 2557 (2015) ("*Johnson II*"), the Supreme Court found the residual clause of a similar definition for "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), unconstitutionally void for vagueness. Defendant argues that *Johnson II* impliedly invalidates the residual clause of § 924(c)(3)(B) at issue here because the § 924(c)(3)(B) clause has language similar to, and suffers the same fatal flaws as, the

§ 924(e) clause at issue in *Johnson II*. While there is no controlling Ninth Circuit authority on the issue, Defendant points to a 2015 Ninth Circuit case holding that *Johnson II* invalidated the residual clause in 18 U.S.C. § 16(b) which is identical to the § 924(c)(3)(B) residual clause. *Dimaya v. Lynch*, 803 F.3d 1110, 1118-20 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016).[2] Defendant cites to other district court cases, including Judge Brown's decision in *United States v. Bundy*, which have expressly concluded that § 924(c)(3)(B)'s residual clause is unconstitutionally vague in light of *Johnson II* and *Dimaya*. *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1053 (N.D. Cal. 2016); *United States v. Bell*, 158 F. Supp. 3d 906, 924 (N.D. Cal. 2016); *United States v. Bundy*, 2016 WL 3361490, at *4-6.

Then, because an unenforceable residual clause is not enough to invalidate Defendant's § 924(c)(1)(A)(ii) conviction, Defendant turns his attention to § 924(c)(3)'s force clause. Defendant acknowledges that Ninth Circuit precedent expressly holds that armed bank robbery under § 2113(a) & (d) is a crime of violence under the force clause of § 924(c)(3)(A). *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000); *see also United States v. Selfa*, 918 F.2d 749, 751-52 (9th Cir. 1990) (bank robbery is crime of violence under U.S.S.G. § 4B1.1). Defendant argues, however, that this Court is not bound by *Wright* because the law articulated in three subsequent Supreme Court decisions is clearly irreconcilable with *Wright*'s holding, effectively overruling *Wright*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (district court or three-judge appellate court panel not required to follow circuit precedent if the "relevant court of last resort [has] undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable."). With that, and

---

[2] The case, now named *Sessions v. Dimaya*, was argued on October 2, 2017.

because, Defendant contends, those Supreme Court cases establish that an armed bank robbery conviction is not a crime of violence under the force clause of § 924(c)(3)(A), Defendant seeks to vacate his § 924(c) conviction and sentence.³

In support of his position that "[t]he opinion in *Wright* is no longer good law following three intervening Supreme Court opinions[,]" Def.'s Mem. 14, ECF 37, Defendant relies on *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*"), *Leocal v. Ashcroft*, 543 U.S. 1 (2004), and *Elonis v. United States*, 135 S. Ct. 2001 (2015). He contends that these cases establish that the statutory elements of federal armed bank robbery fail to include the degree of force and the *mens rea* required for a "crime of violence" under § 924(c)(3).

The crime of federal armed bank robbery has the following elements:

> (1) the defendant took money belonging to a bank, credit union, or savings and loan, (2) by using force and violence, or intimidation, (3) the deposits of the institution were insured by the Federal Deposit Insurance Corporation ("FDIC"), and (4) in committing the offense, the defendant assaulted any person, or put in danger the life of any person by the use of a dangerous weapon.

*Wright*, 215 F.3d at 1028 (citing §§ 2113(a) & (d)).⁴ Defendant's contentions focus on the "force

---

³ In response, the Government argues that Defendant waived his right to collaterally attack his sentence as part of his Plea Agreement, that his claim is procedurally defaulted because he did not raise it on direct appeal, and that his motion is untimely because it is not based on a newly recognized right in *Johnson II* but is instead predicated on an "evolving statutory interpretation" beginning no earlier than 2004. Gov't Mem. 4-8, ECF 40. As indicated above, I do not consider these arguments in light of my conclusion that *Wright* controls.

⁴ In relevant part, the statute provides:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association;
>
> * * *

and violence, or intimidation" element.

In *Johnson I*, the Supreme Court addressed whether a Florida battery conviction under a Florida statute which criminalized "actually and intentionally touching another person," constituted the use of "physical force" within the meaning of § 924(e)(2)(B)(i). 559 U.S. at 137 (brackets omitted). The Court looked at state cases interpreting the state statute, then discussed the text of § 924(e)(2)(B)(i)'s force clause. *Johnson I*, 559 U.S. at 138. Relying on its prior decision in *Leocal* which interpreted a similar statutory "crime of violence" definition in 18 U.S.C. § 16, and noting that "physical force" occurs "in the context of a statutory definition of *violent* felony," the Court construed the phrase "physical force" to mean "*violent* force - that is, force capable of causing physical pain or injury to another person." *Id.* at 139-40.

*Leccal* concerned another underlying Florida conviction, this one for driving under the influence of alcohol ("DUI"). 543 U.S. at 3. The petitioner had been ordered deported after an Immigration Judge concluded that the prior DUI conviction was a "crime of violence" under 18 U.S.C. § 16, making it an "aggravated felony" under the Immigration and Nationality Act which allowed deportation. *Id.* at 3-4. Like the force clause of § 924(c)(3)(A) and similar to the force clause of § 924(e)(2)(B)(i), the force clause of § 16 defines "crime of violence" as "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" 18 U.S.C. § 16(a). The underlying state DUI statute, similar to

---

> (d) Whoever, in committing or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

18 U.S.C. §§ 2113(a) & (d).

those in other states, did not have a *mens rea* component or required only a showing of negligence in the operation of a vehicle. *Id.* at 7-8. The question before the Court was whether such offenses qualify as a crime of violence under § 16. *Id.* The Court examined the language of the force statute and concluded that the word "use," read in the context of the entire phrase "physical force against the person or property of another," "most naturally suggests a higher degree of intent than negligent or merely accidental conduct." *Id.* at 9. The Court concluded that § 16 could not be read to "encompass accidental or negligent conduct" and thus, could not be read to include the petitioner's DUI conviction. *Id.* at 11.[5]

Finally, in *Elonis*, the Court considered whether a federal "threatening communication" statute required proof that the defendant intended to make a threat in addition to intending to make a communication. 135 S. Ct. at 2004. The statute, 18 U.S.C. § 875(c), makes it a crime to transmit a communication containing a threat to injure the person of another. *Id.* at 2008 (citing 18 U.S.C. § 875(c)). While the statute requires that a communication be transmitted and that the communication contain a threat, it "does not specify that the defendant must have any mental state with respect to those elements." *Id.* Particularly, the statute does not "indicate whether the defendant must intend that his communication contain a threat." *Id.*

According to the Court, the lack of an express criminal intent in the statute did not mean none existed because it is a "general rule" that a "guilty mind is a necessary element in the

---

[5] In reaching this conclusion, the Court expressly refused to consider whether a state or federal offense requiring proof of the reckless use of force against a person or property of another qualifies as a crime of violence under § 16. *Id.* at 13. The Ninth Circuit later held that § 16(a)'s definition of "crime of violence" excluded offenses with a recklessness standard. *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1129-30 (9th Cir. 2006) (en banc).

indictment and proof of every crime." *Id.* at 2009 (internal quotation marks omitted). Distinguishing knowledge of the *facts* of a crime from knowledge as to whether those facts make conduct illegal, the Court explained that a defendant "generally must know the facts that make his conduct fit the definition of the offense[,]" but is not required "to know that his conduct is illegal before he may be found guilty." *Id.* (internal quotation marks omitted).

In determining the appropriate *mens rea* for a statute that is silent on the issue, the Court is guided by the principle that only the "'*mens rea* which is necessary to separate wrongful conduct from otherwise innocent conduct'" should be read into the statute. *Id.* at 2010 (quoting *Carter v. United States*, 530 U.S. 255, 269 (2000)). The Court noted the difference between, on the one hand, cases where "a general requirement that a defendant *act* knowingly is itself an adequate safeguard[,]" and on the other hand, cases where "requiring only that the defendant act knowingly would fail to protect the innocent actor." *Id.* (internal quotation marks omitted). As an example, the Court discussed *Carter* where it had considered whether a bank robbery conviction under § 2113(a) for taking items of value belonging to a bank "by force and violence," required an intent to steal. *Id.* As explained in *Elonis*, *Carter* held that proof of forcibly taking the money was sufficient because upon such proof, "'the concerns underlying the presumption in favor of scienter are fully satisfied, for a forceful taking - even by a defendant who takes under a good-faith claim of right - falls outside the realm of otherwise innocent' conduct.'" *Id.* (quoting *Carter*, 530 U.S. at 269-70) (alterations omitted). In contrast, a statute similar to § 2113(a) that did not require either a forcible taking or an intent to steal could risk "'punishing seemingly innocent conduct in the case of a defendant who peaceably takes money believing it to be his.'" *Id.* (quoting *Carter*, 530 U.S. at 269). In the latter case, the statute would need to be interpreted

9 - OPINION & ORDER

to include an intent to steal. *Id.*

The focus then, is on what conduct the statute makes wrongful in order to separate it from innocent conduct. *See id.* at 2011. Although the parties in *Elonis* agreed that a defendant charged under § 875(c) must know that he or she is transmitting a communication, "communicating *something* is not what makes the conduct 'wrongful.'" *Id.* Instead, "the crucial element separating legal innocence from wrongful conduct is the threatening nature of the communication." *Id.* (internal quotation marks omitted). As a result, the "mental state requirement must [] apply to the fact that the communication contains a threat." *Id.* The "reasonable person" standard did not meet this standard because it allowed a conviction based on how the defendant's communications would be understood by a reasonable person and not whether the defendant intended the communications to be threatening. *Id.* Thus, the defendant's conviction could not stand. *Id.* at 2012.

Defendant's argument here is that under *Johnson I*, the physical force required to meet the "crime of violence" definition in § 924(c)(3)(A) must be violent physical force, meaning force capable of causing physical pain and injury to another person. Because, according to Defendant, Ninth Circuit cases have determined that the bank robbery statute's "force and violence, or intimidation" language in § 2113(a) does not require the use of violent as opposed to minimal force, a conviction under § 2113(a) does not comport with § 924(c)(3)(A)'s required level of force. Additionally, the use of force must be intentional, Defendant asserts, in light of *Leocal*.

Continuing, Defendant argues that the intimidation element of § 2113(a) also encompasses conduct that does not qualify as the "threatened use of physical force" required under § 924(c)(3)(A). Defendant contends that the holding of *Elonis* applies to the "threatened

use of physical force" language in § 924(c)(3)(A) because *Elonis* relied on "basic principles" of criminal liability in reaching its conclusion. Based on that premise, Defendant argues that conduct under § 2113(a)'s intimidation clause, which Defendant asserts is assessed by a reasonable person standard under *United States v. Foppe*, 993 F.2d 1444, 1451 (9th Cir. 1993), cannot satisfy § 924(c)(3)(A) because *Elonis* requires that a defendant intend that his or her conduct be "intimidating."

In *Wright*, the Ninth Circuit expressly held that federal "[a]rmed bank robbery qualifies as a crime of violence [under § 924(c)] because one of the elements of the offense is a taking 'by force and violence, or by intimidation.'" 215 F.3d at 1028 (quoting 18 U.S.C. § 2113(a)). Previously, in *Selfa*, the court had held that federal bank robbery convictions under § 2113(a) constituted crimes of violence for purposes of a career criminal designation under U.S.S.G. § 4B1.1. *Selfa*, 918 F.2d at 751. The "crime of violence" definition at issue in *Selfa* is materially indistinguishable from the definition in § 924(c)(3). *Id.* *Selfa* explained that § 2113(a)'s "force and violence, or intimidation" requirement met the relevant crime of violence definition because Ninth Circuit precedent defined "intimidation" under § 2113(a) to "mean willfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm[.]" *Id.* (internal quotation marks omitted). Thus, the court held that "persons convicted of robbing a bank 'by force and violence' or 'intimidation' under 18 U.S.C. § 2113(a) have been convicted of a 'crime of violence' within the meaning of Guideline Section 4B1.1." *Id.*

Unless the principles and reasoning in *Johnson I*, *Leocal*, and *Elonis* are "clearly irreconcilable" with *Wright* and *Selfa*, this Court is bound to apply those cases. On December 12, 2017, the Ninth Circuit, in a published opinion, rejected an argument that *Johnson I* had

11 - OPINION & ORDER

overruled *Selfa*. *United States v. Gutierrez*, No. 16-35583, 2017 WL 6327835 (9th Cir. Dec. 12, 2017). The court noted *Selfa's* holding that "'intimidation' as used in the federal bank robbery statute requires that a person take property 'in such a way that would put an ordinary, reasonable person in fear of bodily harm,' which necessarily entails the 'threatened use of physical force.'" *Id.* at *2 (quoting *Selfa*, 918 F.2d at 751).

The *Gutierrez* court, aligning itself with cases from other circuits, held that "in our court, too, federal bank robbery constitutes a crime a violence." *Id.* The court acknowledged that it had not addressed "in a published decision whether *Selfa's* holding remains sound after [*Johnson I*], but we think it does." *Id.* The court explained that "[a] defendant cannot put a reasonable person in fear of bodily harm without threatening to use 'force capable of causing physical pain or injury.'" *Id.* (quoting *Johnson I*, 559 U.S. at 140). Continuing, the court concluded that "[b]ank robbery by intimidation thus requires a least an implicit threat to use the type of violent physical force necessary to meet the [*Johnson I*] standard." *Id.* *Gutierrez* disposes of Defendant's argument that *Wright* and *Selfa* are clearly irreconcilable with *Johnson I*.

As to his arguments about the other Supreme Court cases, three unpublished Ninth Circuit decisions have rejected Defendant's argument about *Leocal*. Most recently, in *United States v. Pritchard*, 692 F. App'x 349 (9th Cir. 2017), the court rejected the same argument Defendant makes here. *Id.* at 351-52. The court explained:

> We have twice held that armed bank robbery in violation of § 2113(a) qualifies as a crime of violence. *United States v. Wright*, 215 F.3d 1020, 1028 (9th Cir. 2000); *United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990). Pritchard fails to show that any intervening authority is "clearly irreconcilable with" or has overruled these authorities. *Miller v. Gammie*, 335 F.3d 889, 892-93 (9th Cir. 2003) (en banc).

> The requirement of "violent force" under *Johnson v. United States*, 559 U.S. 133, 140, 130 S. Ct. 1265, 176 L.Ed.2. 1 (2010) (emphasis omitted), is not inconsistent with our clear statement that the element of "intimidation" is "sufficient to meet the . . . requirement of a 'threatened use of force.'" *Selfa*, 918 F.2d at 751 (citation omitted); *see also* 18 U.S.C. § 924(c)(3). Additionally, a conviction under § 2113(a) requires a showing of general intent, and therefore requires that any "intimidation" and threatened use of force be intentional. Therefore, under our precedents, Pritchard's conviction under § 2113(a) & (d) was a predicate for a crime of violence, and his conviction under 18 U.S.C.§ 924(c)(3)(A)(ii) is affirmed.

*Id.;* see also *United States v. Cross*, 691 F. App'x 312, 312-13 (9th Cir. 2017) ("'intimidation' under § 2113(a) requires the necessary level of violent physical force as defined" by *Johnson I* and "as a general intent statute, conviction under § 2113(a) requires intentional use or threatened use of force and therefore does not conflict with *Leocal*[.]").

Defendant rightly points out that these are unpublished cases and are not binding precedent. Ninth Cir. R. 36-3(a) (unpublished dispositions are not precedent). However, unpublished dispositions issued on or after January 1, 2007, may be cited in accordance with Federal Rule of Appellate Procedure 32.1. Ninth Cir. R. 36-3(b). Rule 32.1 states that a court may not prohibit or restrict the citation of federal judicial opinions that have been designated as unpublished. Fed. R. App. P. 32.1. The committee notes to Rule 32.1 "make[] clear [that] the import of Rule 32.1 is to allow parties, and, as here, the court, to cite such unpublished dispositions for persuasive value." *Cullett v. United States*, No. CR 92-750-AWT, 2017 WL 3616432, at *4 n.3 (C.D. Cal. Aug. 22, 2017). Because these decisions are recent and address the precise issue raised by Defendant, I rely on them as highly persuasive authority.

Similarly persuasive are district court opinions within the Ninth Circuit which have reached the same conclusion. In *Cullett*, the court rejected the defendant's argument, made in the

13 - OPINION & ORDER

context of his § 2255 motion, that his bank robbery conviction under § 2113(a) did not constitute a crime of violence under either U.S.S.G. § 4B1.2(1) or § 924(c)(3). 2017 WL 3616432, at *2. The court noted the controlling cases of *Selfa* and *Wright* and cited to subsequent cases affirming those holdings. *Id.* at *4 (citing unpublished Ninth Circuit cases from 2007 and 2017). Then, the court rejected the defendant's arguments, which were primarily based on *Johnson I* and *Leocal*, with this reasoning:

> The rationale for rejecting Cullett's arguments is straightforward. Contrary to his position, § 2113(a)'s implicit *mens rea* requirement avoids the problems identified in *Leocal*. In *Carter v. United States*, 530 U.S. 255 (2000), the Supreme Court stated that the "presumption in favor of scienter demands" § 2113(a) be read as a "general intent" crime. *Id.* at 268. Thus, "the defendant [must] possess[ ] knowledge with respect to the *actus reus* of the crime[.]" *Id.* Instructively, the Court then explained that the *actus reus* of § 2113(a) is "the taking of property of another *by force and violence or intimidation*." *Id.* (latter emphasis added). In sum, *Carter* holds that § 2113(a) must be understood as implicitly containing a *mens rea* element that requires a defendant knowingly take the property of another by force and violence or intimidation. This is sufficient to avoid the issues identified in *Leocal*.

*Id.* at *6 (further concluding that the defendant's "argument as to 'violent force' under *Johnson I* fares no better") (brackets in original); *see also Gambina v. United States*, No. CR 89-923-AWT, 2017 WL 3701230 (C.D. Cal. Aug. 28, 2017) (same), *appeal filed*, No. 17-56308 (9th Cir. Aug. 29, 2017); *United States v. Tellez*, No. 2:02-cr-00279-JAD, 2017 WL 2192975 (D. Nev. May 18, 2017) (relying on the "controlling authority" of *Wright* and *Selfa*, the court concluded that the defendant's § 2113(a) convictions "qualified" and "still qualify" as a crimes of violence under § 924(c)'s force clause).

Cases cited by Defendant do not support his contentions. *United States v. West*, No. 2:14-cr-0066-EFS-S, Order at 2-3 (E.D. Wash. July 22, 2016), did not address § 924(c)(3)'s force

14 - OPINION & ORDER

clause, or any similar force clause, and its holding that § 4B1.2's residual clause was invalidated by *Johnson II* was overruled by *Beckles v. United States*, 137 S. Ct. 886 (2017), which held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and [] § 4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. at 895.

Other cases cited by Defendant have concluded that the level of force required by *Johnson I* is inconsistent with certain state law convictions, precluding use of those convictions in various contexts. But these cases are distinguishable because they did not address federal bank robbery under § 2113. For example, in the recently decided case of *United States v. Molinar*, No. 15-10430, 2017 WL 5760565 (9th Cir. Nov. 29, 2017), the court considered whether an Arizona state conviction for armed robbery constituted a "crime of violence" under U.S.S.G. 4B1.2(a). The Ninth Circuit had previously held that the state crime was a crime of violence under the relevant Guidelines provision. *Id.* at *1 (citing *United State s v. Taylor*, 529 F.3d 1232 (9th Cir. 2008)). But, the *Molinar* court reexamined *Taylor's* holding in light of *Johnson I*, concluded that Arizona statutes allowed punishment for robbery conduct that did not include violent force, and thus, held that *Taylor* was clearly irreconcilable with *Johnson I* and was effectively overruled. *Id.* at **2-5. *Molinar*, however, did not address § 2113 bank robbery convictions. Notably, it did not discuss the "intimidation" element of § 2113(a) or Ninth Circuit cases interpreting that element as willfully taking, or attempting to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm. Thus, *Molina*r is not on point and is not helpful to Defendant.

Defendant's reliance on similar cases offers nothing more because, like *Molinar*, none address § 2113 convictions or specifically discuss the intimidation element. *E.g.*, *United States*

*v. Geozos*, 870 F.3d 890 (9th Cir. 2017) (based on Florida caselaw, Florida convictions for robbery, armed robbery, and use of firearm in commission of a felony not "violent felonies" under ACCA's force clause in light of *Johnson I*); *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016) (Massachusetts armed robbery statute not a crime of violence under the ACCA); *United States v. Dominguez-Maroyoqui*, 748 F.3d 918 (9th Cir. 2014) (Ninth Circuit cases construing 18 U.S.C. § 111, the statute criminalizing the assault of a federal officer, did not require any particular level of force and thus, the statute allowed punishment for less than violent force as defined by *Johnson I*; accordingly, § 111 criminalized a "broader swath of conduct" than that covered by the "crime of violence" definition in U.S.S.G. § 2L1.2); *United States v. Flores-Cordero*, 723 F.3d 1085 (9th Cir. 2013) (in light of Arizona court decisions interpreting Arizona resisting arrest statute, Arizona statute not a "crime of violence" under U.S.S.G. 2L1.2 as defined by *Johnson I*; prior contradictory authority was superseded by controlling, intervening authority).

The only favorable case cited by Defendant is *Knox v. United States*, where the district court determined that the defendant's § 2255 motion was timely under *Johnson II* because, given that federal unarmed bank robbery did not qualify as a crime of violence under the force clause of Guideline § 4B1.2, it was likely that the sentencing court relied on the residual clause in imposing its sentence which was invalidated by *Johnson II*. 2017 WL 347469, at *2-3 (W.D. Wash. Jan. 24, 2017). Because *Johnson II* had not invalidated the ACCA's residual clause until June 26, 2015, the defendant's § 2255 petition, filed June 18, 2016, was timely. *Id.* The court then concluded that because the enhanced sentence was based on the residual clause, it violated the law under *Johnson II*. The motion to vacate the sentence was granted. *Id.* at *3.

*Knox*, like *West*, was issued before *Beckles* held that the advisory Guidelines are not

subject to a vagueness challenge under the Due Process Clause. Thus, the actual holding of *Knox* is no longer supportable. As to the discussion concerning the force clause, it is notable that *Knox* was issued before *Gutierrez,* the other unpublished Ninth Circuit decisions, and the district court cases discussed above which reached the opposite conclusion than that reached by the *Knox* court. *Gutierrez* is controlling and I am persuaded by the cases cited above that *Leocal* is not "clearly inconsistent" with *Wright* and *Selfa*. Thus, I do not follow *Knox*.

Finally, none of the cases discussed above address Defendant's argument that *Wright* is undermined by *Elonis*. I agree with the Government that *Elonis* is not clearly irreconcilable with *Wright* and *Selfa*. First, *Elonis* addressed a completely different statute, 18 U.S.C. § 875(c). It did not concern § 2113 bank robbery convictions.

Second, the statute at issue in *Elonis* is not clearly analogous to § 924(c). In *Elonis*, the threatening nature of the communication, not the communication itself, was the *actus reus* of the crime. Accordingly, absent a mental state requirement applicable to the making of a threat, as opposed to the making of the communication, the statute would encompass purely innocent conduct. In contrast, § 924(c) requires first that the defendant use a firearm in the commission of a felony and then that there be a threatened use of force. It could be argued that the wrongful conduct of knowingly using a firearm during a felony is an adequate safeguard against criminalizing purely innocent conduct.

The Seventh Circuit recently reached this conclusion in *United States v. Williams*, 864 F.3d 826 (7th Cir.), *cert. denied*, 138 S. Ct. 272 (2017). There, the court held that the "reasoning of *Elonis* does not extend to bank robbery, where the concerns about innocent conduct and free speech in *Elonis* do not apply." *Id.* at 829. The court recognized that "[b]ank robbery is caused

17 - OPINION & ORDER

by intentional acts, not by negligence or accidental conduct" and "[w]ith bank robbery, the intimidation—the threat of violent force—is one means by which the wrongful act of theft can be completed." *Id.* at 830. It held that the "explicit or implicit threat of violent force is inherent in the intimidation element, and that is what is required by § 924(c)(3)." *Id.* Given the difference between the statute at issue in *Elonis* and § 924(c), *Elonis* cannot be said to be clearly irreconcilable with *Wright*.

Third, to the extent Defendant's argument about *Elonis* has traction, I agree with the Government that *Elonis* does not necessarily overrule *Wright* because the Ninth Circuit could harmonize *Wright* with *Elonis* by revisiting *Foppe* and holding that intimidation, like threats, must be knowingly undertaken. For these reasons, *Elonis* is not clearly irreconcilable with *Wright* and thus, I am not at liberty to deviate from *Wright*'s holding.

I deny Defendant's § 2255 motion because first, I am bound to follow *Wright* and *Selfa* based on *Gutierrez* and second, I determine that *Wright* and *Selfa* have not been effectively overruled by *Leocal* or *Elonis*. I also deny a Certificate of Appealability ("COA"). Issuance of a COA requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2255(c)(2). *Gutierrez* forecloses Defendant's argument based on *Johnson I*. I find that reasonable judges would not differ with the reasoning expressed in this Opinion regarding the effect of *Leocal* or *Elonis* on whether armed bank robbery satisfies the crime of violence definition in § 924(c)(3)(A). Thus, I deny a COA.

/ / /

/ / /

/ / /

CONCLUSION

Defendant's § 2255 motion to vacate his sentence [27] is denied.

IT IS SO ORDERED.

Dated this 19 day of January, 2018

_____
Marco A. Hernandez
United States District Judge